**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MARIO L. GORDON,**
            **Petitioner,**

**v.**                                                    **Civil Action No. 3:18-CV-91**
                                                         **(GROH)**

**JENNIFER SAAD, Warden,**
            **Respondent**

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On June 4, 2018, the *pro se* Petitioner, an inmate at Gilmer FCI in Glenville, West Virginia, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence which was enhanced under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines").  ECF No. 1.  Petitioner properly completed the Court-approved form and refiled it on June 22, 2018.  ECF NO. 10.  Thereafter, Petitioner paid the $5.00 filing fee.  ECF No. 14.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

## II.   FACTUAL AND PROCEDURAL HISTORY[1]

### A.   Conviction and Sentence

On February 4, 2003, in the United States District Court for the Southern District of Illinois, a third superseding indictment was returned against Petitioner in Case No. 4:02-CR-40004.  ECF No. 90.  On January 15, 2004, Petitioner was convicted by a jury of Counts 1 and 2 of the third superseding indictment, which charged conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C.§ 846, and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  ECF Nos. 152, 154.  On August 26, 2004, Petitioner was sentenced to 360 months' imprisonment on the conspiracy count and to 240 months' imprisonment on the possession with intent to distribute count, with the sentences to be served concurrently with one another.  ECF Nos. 187, 232 at 2.

On April 21, 2005, the Seventh Circuit vacated Petitioner's sentence and remanded his case to the district court for the limited purpose of determining whether the district court would have imposed the same sentence if the Guidelines were advisory, rather than mandatory.  ECF Nos. 222, 244 at 1.  In its memorandum and order entered on April 28, 2006, the district court advised the court of appeals "that it would impose the same sentence had the guidelines been merely advisory."  Id. at 1 – 2.  Further, the court found that:

---

[1] The facts are taken from the Petitioner's criminal Case No. 4:02-CR-40004 in the United States District Court for the Southern District of Illinois, available on PACER.  Unless otherwise noted, the ECF entries in Sections II.A., II.B., II.D., II.E. and II.F. refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

> The purpose of this limited remand [ ] is not to re-visit issues such as the Court's determination of the defendant's status as a career offender.  However, even if the Court were to consider this issue, the Court remains persuaded that it properly determined that the two robberies were not related and were two separate offenses for sentencing purposes. The Court, therefore, would now determine the defendant's criminal history category under the advisory guidelines, §4A1.2(a)(2), to be the same.  The Court specifically rejects defendant's renewed argument that it should consider his prior robbery convictions as one offense for purposes of calculating his criminal history category. . .

ECF No. 244 at 5.

**B.    Appeal**

On May 16, 2006, Petitioner filed an appeal with the Seventh Circuit Court of Appeals, in that court's docket number 06-2390.  ECF No. 248.  The Seventh Circuit on August 14, 2006, dismissed this appeal because the earlier appeal, 04-2186, was considered to still be pending following the limited remand ordered on April 19, 2005. ECF No. 255.   On July 21, 2006, the Seventh Circuit, in docket number 04-2186, affirmed the judgment of the district court related to Petitioner's sentence.   ECF No. 256.

**C.    Motion to Vacate Pursuant to § 2255[2]**

On December 7, 2006, Petitioner filed a motion to vacate, set aside or correct sentence under § 2255 in the Southern District of Illinois, case number 3:06-CV-1006. ECF No. 1.   On February 15, 2017, and May 19, 2008, Petitioner amended and supplemented his motion.  ECF Nos. 5, 13.   The district court denied the motion on March 26, 2010.  ECF No. 19.   In its order, the court summarized Petitioner's claims for

---

[2]  Unless otherwise noted, the ECF entries in Section II.C. refer to civil case 3:06-CV-1006 from the Southern District of Illinois.

relief related to alleged ineffective assistance of counsel[3] who he claimed failed to raise the issue of whether Petitioner's convictions for two armed robberies should have been counted as separate crimes of violence, resulting in Petitioner's classification as a career offender. Id. at 3. The court found that Petitioner failed to establish that either his sentencing or appellate counsel was ineffective. Id.

### D.   Post-Conviction Motions for Relief

On January 24, 2011, Petitioner filed a motion for resentencing based on his claimed "actual innocence" of the career offender enhancement imposed upon him. ECF No. 281 at 3. Petitioner argues therein that the two prior convictions he is actually innocent of committing, are two state armed robberies, which were consolidated by the Circuit Court of Cook County, and should be considered as a single offense. Id. at 4.

Petitioner next sought leave to file a successive § 2255 motion "on the grounds raised and that he be resentenced at offense level 36, criminal history category 3, at 235 to 293 months that fairly represents his crime." ECF No. 283. On April 13, 2012, the district court denied both of those motions for relief. ECF No. 289.

Petitioner, by counsel, and with the approval of counsel for the Government, on October 22, 2012, filed a motion to reduce his sentence based on retroactive application of revisions to the sentencing guidelines. ECF No. 298. On October 26, 2012, the district court granted the motion to reduce sentence, lowering Petitioner's sentence from 360 months to 324 months. ECF No. 299.

---

[3] Petitioner alleged that his trial counsel was ineffective for failing to put sufficient information into the record regarding this issue, and that his appellate counsel was ineffective for failing to raise the matter on appeal.

On November 3, 2014, Petitioner, acting pro se, filed another motion to reduce sentence, based on a revision to §1b1.10(c) of the Guidelines.  ECF No. 307.  On December 15, 2014, Petitioner, by counsel, filed a revised motion to reduce sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. ECF No. 311.  The district court granted[4] the motion to reduce sentence on January 15, 2015.  ECF No. 313.

###    E.    Other Attempts to File Second or Successive § 2255 Motions

Petitioner sought permission to file a successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the Seventh Circuit on July 1, 2015.  ECF No. 324.  That court declined Petitioner's application on July 9, 2015.  Id.  The court noted that Petitioner again challenged his designation as a career offender, after first challenging that designation in both his direct appeal and first § 2255 motion.  Id.

###    F.    Motion to Reduce Sentence Under the First Step Act

Petitioner sought an additional reduction of sentence under the First Step Act by motions filed January 17, 2019 and June 6, 2019.  ECF Nos. 339, 344.  Those motions remain pending.

###    G.    Instant § 2241 Petition

Petitioner challenges his sentence as a career offender.  ECF No. 1 at 1, 5.  The petition asserts a single ground for relief, that Petitioner's sentence was improperly enhanced based on two robbery convictions from the Circuit Court of Cook County, Illinois.  ECF No. 1 at 5.

---

[4]  Although this order is not available for viewing on PACER, the docket sheet indicates that the order granted Petitioner's motions to reduce sentence made in ECF Nos. 307, 311.

Among other requested relief, Petitioner asks that this Court "honor the state consolidated sentence and resentence me WITHOUT the Career Offender" enhancement.  Id. at 8.  Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because he "was never given a fair chance to show the consolidated judg[ment] [and] order form before the sentencing judge or the court of appeals."  ECF No. 1 at 9.

### III.    LEGAL STANDARD

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous,

6

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.      Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  See <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.   <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.   <u>See Wheeler</u>, 886 F.3d at 423–26.

## IV. ANALYSIS

Petitioner's single ground for relief is that he was misclassified as a career offender under the post-<u>Booker</u>,[8] advisory[9] Guidelines, and that but for the court's improper consideration of his two prior state convictions for robbery in Illinois, he would not have been eligible for enhancement as a career offender.   ECF No. 1 at 5.

However, this is essentially the same argument Petitioner has asserted in his § 2255 motion in the Southern District of Illinois, case number 3:06-CV-1006.   The district court denied that claim by order entered on March 26, 2010.   S.D.Ill. 3:06-CV-1006, ECF No. 19.   Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.   <u>See</u> 28 U.S.C. § 2244(a).   In addition to applying to petitions filed

---

[8] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

[9] Petitioner's original sentence was imposed under the pre-<u>Booker</u> mandatory Guidelines, but the sentencing court imposed a new sentence on April 28, 2006, which sentence was under the post-<u>Booker</u> advisory Guidelines.   S.D.Ill. 4:02-CR-40004, ECF No. 244.   Petitioner's sentence was reduced on January 15, 2015, again under the post-<u>Booker</u> advisory Guidelines.   ECF No. 313.

pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241.  See e.g., George v. Perill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The district court for the Southern District of Illinois, on March 26, 2010 denied Petitioner's request to vacate his career offender designation.  S.D.Ill. 3:06-CV-1006, ECF No. 19.  Further, the sentencing court has also denied Petitioner's motion for resentencing based on his claim that he is "actually innocent" of the claims related to his career offender sentencing enhancement.  S.D. Ill. 4:02-CR-40004, ECF No. 281.  Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.

Even if this Court were to consider Petitioner's claims on the merits, he is not entitled to relief.  To seek relief from either his conviction or sentence, the Petitioner may file a § 2255 motion, provided he can meet the 1-year period of limitation mandated under § 2255(f), or he can file a § 2241 petition relying on the § 2255(e) savings clause.  Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, see 28 U.S.C. § 2255(h), it is appropriate that he proceed via a § 2241 relying on the § 2255(e) savings clause.  In order to utilize § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge to his sentence on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).   In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.   Id. at 715 ("Foote[10] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id.   When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."   Id.   In conclusion, the Lester court observed that "the savings clause should provide only the

---

[10] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.   Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  Id. at 716.

Because Petitioner in this case was re-sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### V. RECOMMENDATION

Because the identical issue has already been decided in a prior § 2255 proceeding by the district court for the Southern District of Illinois, it is **RECOMMENDED** that that the petition [ECF No. 10] be **DISMISSED WITH PREJUDICE**.  Alternatively, because Petitioner fails to meet the Wheeler test, it is **RECOMMENDED** that the petition [ECF No. 10] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not

exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:        December 20, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE